TRIEF & OLK

ATTORNEYS AT LAW

750 THIRD AVENUE

SUITE 2902

NEW YORK, NEW YORK

10017

—

**MEMO ENDORSED**

TELEPHONE: (212) 486-6060          FACSIMILE: (212) 317-2946          NEW JERSEY OFFICE

EMAIL: EDROR@TRIEFANDOLK.COM                                                        9 KANSAS STREET

HACKENSACK, NEW JERSEY 07601

(201) 343-5770

May 8, 2024

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:     **Paredes v. Ryer Parking LLC, _et al._, 24-CV-396 (VSB)**

Judge Broderick:

We submit this letter to address a discovery dispute pertaining to the responses of Defendants Ryer Parking LLC and Arturo Bueno ("Defendants") to the first sets of interrogatories and requests for production served by Plaintiff Roman Paredes ("Plaintiff").   As set forth below, Plaintiff contends that Defendants' responses are deficient in multiple respects, but he has been unable to secure Defendants' agreement to remedy them.  Copies of Plaintiff's first set of discovery requests (the "Discovery Requests") are attached hereto as Exhibit A.  Copies of Defendants' responses (the "Responses") are attached as Exhibit B.  Counsel to the parties held a meet-and-confer call about this issue on April 29, 2024, but the dispute remains unresolved.

On May 3, 2024, Plaintiff's counsel emailed Defendants' counsel a draft discovery dispute letter including (except for minimal edits) the paragraphs below setting forth Plaintiff's position. Consistent with the Individual Rules of Practice of this Court, Plaintiff's counsel requested that Defendants' counsel set forth Defendants' position and provide any other input concerning the letter within 72 hours.   A copy of Plaintiff's counsel's May 3 email is attached hereto as Exhibit C.  Defendant's counsel acknowledged receipt of the May 3 email but provided no input to the discovery dispute letter.  It has now been over five days since its transmission.

**Plaintiff's Position:**

This is a wage-hour and unlawful retaliation action brought by Plaintiff against his former employers.  Plaintiff served the Discovery Requests on March 18, 2024.  Defendants served their Responses on April 18, 2024.  As detailed below, Defendants' Responses do not comply with the Federal Rules.  The Responses fail to fully respond to each Discovery Request, they wholly ignore

Hon. Vernon S. Broderick
May 8, 2024
Page 2

certain interrogatory requests, and, despite multiple references to written materials, they include no document productions. Consistent with the patent lack of good faith and due diligence demonstrated by the substance of their Responses, Defendants also failed to verify their interrogatory responses as required under Fed. R. Civ. P. 33.

On Monday, April 22, 2024, Plaintiff's counsel first wrote to Defendant's counsel enumerating a series of deficiencies in Defendant's Responses and requesting that they be remedied. In particular, the email from Plaintiff's counsel: **(1)** noted Defendants' failure to make any document disclosures and demanded that Defendants confirm they conducted a reasonably diligent search of both their and their employee's electronic devices for relevant communications; **(2)** noted the lack of a response to interrogatory number 16 and demanded that Defendants provide a response; **(3)** noted Defendants' failure to identify the dates that Plaintiff worked for them and demanded that Defendants do so; **(4)** noted that the responses to interrogatory numbers 7 and 9 were inconsistent – in that the former stated that only Defendant Arturo Bueno supervised Plaintiff while the latter indicated that Plaintiff was disciplined by two other supervisors – and demanded that Defendants supplement their responses or otherwise explain the inconsistency; **(5)** noted that, in violation of the Federal Rules, Defendants failed to provide identifying information for all individuals named in their Responses and demanded that Defendants provide that information; **(6)** noted that Defendants' response to interrogatory number 12 was nonsensical, not credible, and referred to documents and a lawsuit that had not been produced or identified and demanded that Defendants provide a scrutable response and produce all referenced documents; **(7)** noted that Defendants' response to document demand number 9 referred to 1099s that had not been produced and requested the disclosure of those materials; **(8)** noted that, in their response to document demand number 13, Defendants requested time to identify a certain warning letter and demanded that Defendants provide a timeframe for the document's production; and **(9)** noted that, in their response to document request number 14, Defendants referred blankly to an "email" and demanded that Defendants identify or produce the same.

Plaintiff requested that Defendants provide a proposal on how and when they would address the deficiencies identified in counsel's April 22 email by the end of the same week. Defendants' counsel confirmed receipt of the email the same day but failed to provide any further response by the end of the week. Accordingly, on Monday, April 29, Plaintiff's counsel followed up to demand a meet-and-confer call and to indicate that, if Defendants failed to timely remedy the deficiencies identified or verify their interrogatory responses, Plaintiff would be compelled to escalate the matter with the Court. Counsel held a meet-and-confer call the same day. During the call, Defendant's counsel provided assurances that Defendants would, at minimum, begin making supplemental responses and productions within two days. However, Defendants failed to do so. Plaintiff now brings this matter to the Court requesting that Defendants be compelled to comply with their discovery obligations under the Federal Rules and immediately remedy the deficiencies identified in their discovery responses so that discovery can proceed.

**<u>Defendants' Position:</u>**

Hon. Vernon S. Broderick
May 8, 2024
Page 3

Respectfully submitted,

Eyal Dror

Encl.

cc:      All counsel of Record

Defendants shall respond by no later than Thursday, May 16, 2024, in a letter of no more than three single-spaced pages.  See Section II.C of the undersigned's Individual Practices in Civil Cases https://nysd.uscourts.gov/hon-gary-stein.

Date:   May 14, 2024
        New York, New York

SO ORDERED:

HON. GARY  STEIN
UNITED STATES MAGISTRATE JUDGE