```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROMAN PAREDES,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :                 24-CV-396 (VSB)
               -against-                                    :
                                                            :                      ORDER
RYER PARKING LLC, et al.,                                   :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On October 28, 2024, I entered an order granting Eyal Dror and Park & Jensen LLP's motion to withdraw as counsel for Plaintiff in the above-titled action. (Doc. 42.) My order also stayed all proceedings for sixty days to allow Plaintiff to retain new counsel and have such counsel file a notice of appearance in this case, or choose to proceed pro se. (*Id.*) On February 20, 2025, I lifted the stay and directed the parties to file a joint letter updating the Court on the status of the case by March 5, 2025. (Doc. 43.) No such letter was filed. On March 10, 2025, I ordered the parties to file a joint letter updating the Court on the status of the case by March 14, 2025. (Doc. 44.) I warned: "Failure to timely file an update may result in dismissal for failure to comply with court orders." (*Id.*) Again, no such letter was filed. On March 31, 2025, I again ordered the parties to file a joint update. (Doc. 45.) I warned that failure to file an update would "risk dismissal for failure to prosecute." (*Id.*) To date, the parties have not filed a joint letter.

In considering whether to dismiss a case for failure to prosecute, courts consider: "(1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant was likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and the plaintiff's right to an opportunity to be heard; and (5) the efficacy of lesser

sanctions." *Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 18 (2d Cir. 2018) (citing *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008)).  Taking those in turn, there has been a delay of over four months since the stay elapsed in this case, which is a sufficiently significant duration.  *See Figueroa v. Sierra*, No. 3:23-CV-1625, 2025 WL 238930, at *1 (D. Conn. Jan. 17, 2025) ("Four months of inactivity is 'a delay of significant duration.'" (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004))).  Second, Plaintiff was twice given explicit notice that further delay would result in dismissal.  (*See* Docs. 44, 45.)  Third, although Defendants are also deficient in their duty to update the court, "prejudice to defendants resulting from unreasonable delay may be presumed."  *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (internal quotation marks omitted and alteration adopted).  Fourth, as I have issued three orders seeking an update from Plaintiff and have not heard anything from Plaintiff, I conclude that the balance between alleviating court calendar congestion and protecting Plaintiff's right to be heard favors dismissal.  Fifth, I have considered lesser sanctions, and I conclude that dismissal without prejudice is appropriate given that Plaintiff is not in contact with this Court.  *See Flores v. Mario's Pizzeria of Oyster Bay*, No. 23-CV-4261, 2024 WL 1704721, at *3 (E.D.N.Y. Apr. 19, 2024) ("Given that Plaintiff's absence from the case has been unobtrusive . . . and considering his current pro se status, the Court concludes that dismissal without prejudice adequately serves 'the district court's need to clear its calendar without unduly penalizing a pro se litigant for failing to comply with a scheduling order.'" (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010))).

   Accordingly, Plaintiff's claims are dismissed without prejudice pursuant to Rule 41(b).  The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated:   May 1, 2025
         New York, New York

VERNON S. BRODERICK
United States District Judge